IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3171-FL

| | | |
|---|---|---|
| GAY EUGENE BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARRELL RANDOLPH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the motion for summary judgment filed by defendant (DE # 24), which has been fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendant's motion.

## STATEMENT OF THE CASE

On October 28, 2009, plaintiff initiated this action arising under 42 U.S.C. § 1983, alleging that defendant acted with deliberate indifference to his serious medical condition in violation of the Eighth Amendment to the United States Constitution. Defendant filed a motion for summary judgment on November 19, 2010, arguing that plaintiff's action should be dismissed for failure to exhaust administrative remedies. Plaintiff timely responded in opposition.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S.

242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006) (noting that exhaustion under the PLRA is mandatory); Porter v. Nussle, 534 U.S. 516, 524 (2002) (same). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the

2

grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6).

The evidence in the record reflects that plaintiff did not exhaust his administrative remedies for this claim until April 27, 2010. (Couch Aff. 3 & Ex. A.) Plaintiff filed his complaint in this action on October 28, 2009. Accordingly, plaintiff filed his complaint prior to exhausting his administrative remedies for his claim. Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("[P]ermitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . . ."). Because plaintiff filed this action prior to completing the administrative remedy procedure, he has not properly exhausted this claim.[*]

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (DE # 24) is GRANTED, and plaintiff's action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close this case.

SO ORDERED, this the 2nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[*] Plaintiff argues that he is not required to exhaust administrative remedies for this action because the exhaustion requirement only applies to claims regarding prison conditions. But plaintiff alleges that defendant acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment, which is a prison conditions claim.

3